

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00289-CV

IN THE INTEREST OF M.G. AND M.G., III, CHILDREN

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 91,446-D-FM, Honorable Carry A. Baker, Associate Judge Presiding

October 2, 2019

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, M.G., Jr., appeals from the trial court's order terminating his parental rights to his children, M.G. and M.G., III.  We remand the cause for further proceedings.

Appellant and his retained counsel, Mr. William R. Taylor, filed an untimely notice of appeal. The notice stated that "appellant claims indigent status and requests appointment of new counsel for the appeal," but Mr. Taylor did not seek to withdraw as appellant's counsel.  By letter of August 21, 2019, we notified Mr. Taylor that because the notice of appeal was filed within fifteen days after the notice-of-appeal deadline, a motion for extension of time was implied.  TEX. R. APP. P. 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).  We, therefore, directed him to file a written response explaining why

the notice of appeal was filed untimely. *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998). Mr. Taylor filed a response claiming that he is not appellate counsel and has had no communication with appellant since filing the notice of appeal. Counsel did not, however, provide any explanation for the late notice of appeal.

Accordingly, we abate the appeal and remand the cause to the trial court for further proceedings. Upon notice to appellant, Mr. Taylor, and the parties, the trial court shall conduct a hearing to determine the following:

(1)     whether appellant still desires to prosecute the appeal;

(2)     whether appellant is indigent; and

(3)     whether appellate counsel should be appointed.

Should the trial court determine that appellate counsel should be appointed, the name, address, e-mail address, telephone number, and state bar number of newly-appointed counsel shall be provided to the Clerk of this Court in an order of the court. The trial court shall also issue findings of fact and conclusions of law addressing the foregoing subjects. A clerk's record containing the trial court's orders and findings of fact and conclusions of law shall be filed with the Clerk of this Court on or before October 14, 2019.

It is so ordered.

Per Curiam